CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUN 29 2010

JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WILLIAM L. PAYNE, | ) |
| Plaintiff, | ) Civil Action No. 5:10CV00001 |
| v. | ) MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| Defendant. | ) United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, William L. Payne, was born on March 24, 1949, and eventually completed his high school education. Mr. Payne also received vocational training as an electrician. Plaintiff has worked as an electrician for most of his adult life. He has also been employed as a chauffeur and clerk. While Mr. Payne has engaged in some continuing work activity, the Administrative Law Judge assumed that plaintiff did not engage in substantial gainful activity during the period from his

alleged disability onset date through the date last insured. (TR 10). On October 26, 2006, Mr. Payne filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on March 20, 2006 due to obesity, diabetes, high blood pressure, high cholesterol, congestive heart failure, a pinched nerve on his spine, poor vision, and poor circulation in both legs. He now maintains that he has remained disabled to the present time. The record reveals that Mr. Payne met the insured status requirements of the Social Security Act through the second quarter of 2006, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before June 30, 2006. See, gen., 42 U.S.C. § 423(a).

Mr. Payne's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 30, 2008, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that plaintiff experiences severe impairments on the basis of obesity, diabetes, and hypertension. The Law Judge noted that plaintiff underwent surgery for removal of his left kidney on March 20, 2006. However, the Law Judge found that after his recuperation, Mr. Payne did not experience any severe impairments as a result of the surgery or any recurrence of the cancer which had occasioned the surgery. After reviewing the medical record, the Law Judge determined that Mr. Payne retained sufficient functional capacity for light exertion at all relevant times prior to the termination of his insured status. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mr. Payne retained sufficient functional capacity to return to his past

relevant work as a chauffeur and cashier, as well as certain other light work roles, at all relevant times on and before June 30, 2006. Accordingly, the Law Judge ultimately concluded that Mr. Payne was not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. §§ 404.1520(f) and (g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Payne has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms plaintiff's history of diabetes, hypertension, elevated cholesterol, and obesity. There is also medical evidence which indicates the existence of degenerative changes in the lumbar spine as well as mild bulging with slight canal narrowing in the thoracic spine. The record also reveals that Mr. Payne underwent surgical removal of his left kidney in March of 2006, after the discovery of grade 2 renal cell carcinoma. However, the medical record supports the Law Judge's finding that plaintiff made good recovery from the surgical procedure. There is no indication of any recurrence of cancer.

Furthermore, the court must agree that there is no indication that plaintiff's diabetes, high blood pressure, elevated cholesterol, or obesity became so severe as to affect his capacity for light work activity on or before June 30, 2006. No doctor has suggested that Mr. Payne became disabled after the short recuperative period following his kidney surgery. Moreover, as noted by the Commissioner, there is strong indication that plaintiff continued to engage in work activity once he was released to do so following the kidney procedure. The court finds substantial evidence to support the Law Judge's determination that Mr. Payne possessed residual functional capacity for a full range of light work activity at all relevant times prior to the termination of his insured status. The court believes that the Administrative Law Judge properly relied on the vocational expert's testimony in determining that plaintiff possessed sufficient skills and work tolerance to perform several specific light work roles at all relevant times on and before June 30, 2006. It follows that the final decision of the Commissioner denying plaintiff's entitlement to a period of disability and disability insurance benefits must be affirmed.

On appeal to this court, Mr. Payne advances two specific arguments in support of his contention that the Administrative Law Judge's opinion is flawed. Plaintiff notes that in two medical assessments completed by nonexamining state agency physicians, it is noted that "claimant needs to be found to be disabled from 3-20-06 thru 6-30-06 only." (TR 203, 275). Plaintiff interprets these statements to mean that the reviewing physicians determined that he became disabled at some point between his date of alleged disability onset and his date last insured. However, the court agrees that the state agency physicians were merely commenting on plaintiff's evidentiary burden under the governing statutory scheme and that their observations cannot be read so as to indicate a finding of disability. Indeed, in the medical reports in which these statements are found, the reviewing

4

physicians set forth findings consistent with the residual functional capacity for light exertion. (TR 199, 271).

Mr. Payne also contends that the Administrative Law Judge failed to give adequate consideration to the functional restrictions associated with his obesity. The various clinical notes in this case reveal that Mr. Payne has consistently weighed in excess of 300 pounds. However, as noted by the Commissioner, plaintiff actually lost weight between March 20, 2006, the date of alleged disability onset, and June 30, 2006, the date last insured. (TR 155). Thus, it seems that Mr. Payne was heavier during the period in which he was still working full time. The court believes that this circumstance strongly supports the Law Judge's finding that plaintiff's severe obesity did not progress to such an extent as to constitute or contribute to an overall disability at any time on or before the date last insured.

More generally, the medical record in Mr. Payne's case indicates that despite some worrisome symptoms, plaintiff's overall physical condition is essentially good. Certainly as to the period on or before June 30, 2006, there is no indication of any manifestations of heart or cardiovascular disease. Despite some musculoskeletal changes, there is no medical evidence indicating that Mr. Payne was unable to do the work necessary for the performance of certain of his past employment roles, or other light work activity as identified by the vocational expert. The court concludes that the Administrative Law Judge's treatment of Mr. Payne's claim was reasonable, and that there is substantial evidence to support the denial of plaintiff's application for a period of disability and disability insurance benefits. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that plaintiff is free of all pain, discomfort, weakness, and fatigue. In this context, the court notes that Mr. Payne's testimony is suggestive of significant dysfunction in the performance of normal, daily activities. He complained of difficulty dressing himself and fixing meals. (TR 29). He noted that he experiences substantial swelling and pain in his lower extremities. (TR 31-32). Mr. Payne testified that he is unable to sit for substantial periods of time. (TR 33). However, the simple fact is that the medical record does not document any significant worsening in plaintiff's physical condition during the months following that period in which he was still gainfully employed. Indeed, it is undisputed that plaintiff continued to engage in work activity even after the date of his alleged disability onset. No doctor has suggested that Mr. Payne experiences any condition which could be expected to produce substantial swelling in his lower extremities. While plaintiff may be experiencing early signs of congestive heart failure, there is no indication that he was afflicted with cardiac dysfunction during the period prior to the termination of insured status. More to the point, no doctor has suggested that Mr. Payne is currently disabled, or that he became disabled on or before June 30, 2006. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the

Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 25th day of June, 2010.

_____
United States District Judge